**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Augusto S.P.,

Plaintiff,

v.

Kristi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; Pamela Bondi, in their official capacity as Attorney General of the United States; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement,

Respondents.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**
Civil No. 26-506 ADM/SGE

---

Rachel M. Engebretson, Esq., Engebretson Law Firm, P.A., Blaine, MN, on behalf of Petitioner.

Julie T. Le, Assistant United Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Augusto S.P.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1].[1] For the reasons stated below, the Petition is denied.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner by only his first name and last initials.

## II. BACKGROUND

Petitioner is a native and citizen of Guatemala. Pet. ¶¶ 21, 33. In July 2008, the United States Border Patrol ("USBP") encountered Petitioner at or near San Miguel, Arizona. Robinson Decl. [Docket No. 6]. Petitioner admitted he was in the U.S. without proper documentation and that he had entered without inspection. Id. Petitioner was granted a Voluntary Return to Guatemala. Id. ¶ 5.

On or about March 28, 2018, USBP encountered Petitioner at or near Sierra Blanca, Texas. Id. ¶ 6. On March 29, 2018, USBP served Petitioner a Notice and Order of Expedited Removal, Form I-860, and presented and accepted for prosecution under 8 U.S.C. § 1325. Id. ¶ 7. Petitioner was convicted and was removed from the United States on May 14, 2018. Id. ¶ 8.

On or about December 3, 2018, USBP encountered Petitioner at or near Naco, Arizona. Id. ¶ 9. Petitioner was served a Notice of Intent/Decision to Reinstate Prior Order, Form I-871 and presented for prosecution under 8 U.S.C. § 1325/1326. Id. On March 1, 2019, Petitioner was removed from the United States. Id. ¶ 10.

After he was again removed, Petitioner reentered the United States without inspection. Pet. ¶ 34. On January 20, 2026, Petitioner was taken into custody by ICE without a warrant. Id. ¶ 45. He is currently detained at Fort Snelling in St. Paul, Minnesota. Id. ¶ 46; Robinson Decl. ¶ 15.

Petitioner has filed this verified petition for habeas corpus. He seeks a bond hearing under 8 U.S.C. § 1226(a). Pet. ¶¶ 52, 57. Respondents have filed a Response [Docket No. 5] arguing that Petitioner's detention is governed by 8 U.S.C. § 1231 rather than § 1226(a) because Petitioner is subject to a final removal order. Respondents have also submitted a Declaration [Docket No. 6] by a DHS officer attesting to the removal order that resulted in Petitioner's May

2018 removal, and the restatement of the removal order that resulted in Petitioner's March 2019 removal. Robinson Decl. ¶¶ 7-10. Petitioner has not filed a reply or otherwise refuted the argument and evidence submitted by Respondents.

## III. DISCUSSION

A district court may grant a writ of habeas corpus to any person who demonstrates that he or she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The right to challenge the legality of a person's confinement under the habeas corpus statute "extends to . . . immigration-related detention." Deng Chol A. v. Barr, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Demore v. Kim, 538 U.S. 510, 517 (2003)). The petitioner bears the burden of proving that his or her detention is unlawful by a preponderance of the evidence. Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *3 (D. Minn. Oct. 1, 2025). The Court has jurisdiction over Petitioner's claims pursuant to 28 U.S.C. §§ 1331 and 2241.

The central issue in this case is whether Petitioner's detention is governed by 8 U.S.C. § 1226 or instead by 8 U.S.C. § 1231. Section 1226 provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). By contrast, § 1231 authorizes detention "when an alien is ordered removed" and enters the "removal period," which typically starts on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(A)-(B), (2). In situations where an alien reenters the United States illegally after having been removed under an order of removal, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C.A. § 1231(a)(5).

The Supreme Court has expressly held that when an alien illegally reenters the United state after having been removed and the prior order of removal is reinstated, "§ 1231, not § 1226, governs [the alien's] detention." Johnson v. Guzman Chavez, 594 U.S. 523, 533 (2021). Here, it is undisputed that Petitioner entered the United States illegally, and Respondents have adduced evidence that he did so after having been removed under an order of removal. Petitioner has not filed a reply to rebut Respondents' evidence or to counter their argument that § 1231 applies to Petitioner's detention. Based on this record, Petitioner has not satisfied his burden of proving that his detention is unlawful by a preponderance of the evidence. The Court finds that § 1231 applies to Petitioner's detention, and the Petition is therefore denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Augusto S.P.'s Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 30, 2026